# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1774

_____

| | | |
|---|---|---|
| Assurance Company of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Eastern District of Missouri. |
| | * | |
| Adbar, L.C., | * | **[UNPUBLISHED]** |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: January 14, 2005
Filed: April 29, 2005

_____

Before LOKEN, Chief Judge, HANSEN and MORRIS SHEPPARD ARNOLD,
Circuit Judges.

_____

PER CURIAM.

The Missouri "valued policy" statute provides that an insurer of property damaged by fire "shall not be permitted to deny that the property insured thereby was worth at the time of the issuing of the policy the full amount insured." MO. ANN. STAT. § 379.140. A "builders risk" policy is a common form of fire insurance for buildings under construction in which the policy declares the completed value of the building but the insured pays a reduced premium in exchange for lesser amounts of coverage prior to completion. It is settled that the Missouri courts do not construe § 379.140 as requiring a builders risk insurer to pay the declared completed value if

the policy obligates the insurer to pay only a lesser amount for a fire loss that occurs prior to completion. See American Family Mut. Ins. Co. v. Doug Rose, Inc., 841 S.W. 2d 698, 700 (Mo. App. 1992).

In this case Adbar, L.C., purchased a building for $40,000 intending to replace or renovate it. Assurance Company of America issued Adbar a commercial fire policy insuring the building. The policy's declarations listed the coverage for any one structure as $450,000, subject to the policy's Builders Risk Coverage Form. The building was damaged by fire before Adbar began improvements. Assurance commenced this diversity action to resolve a coverage dispute. Adbar contends it is entitled to recover $450,000, the declared value of the building, under § 379.140, the valued policy statute. Assurance contends that the builders risk provisions limit Adbar's covered loss to $40,000, the purchase price of the unimproved building. The district court[1] concluded that the policy "falls within the builders risk exception to the valued policy statute" and entered judgment decreeing that Assurance is liable to Adbar for the purchase price, $40,000. Adbar appeals. We affirm.

Adbar argues that the policy "does not contain the disclosures necessary to trigger the builders risk exception." We reject this contention as contrary to the plain language of the policy. The declarations page states that the Builders Risk Coverage Form is "Applicable To All Parts" of the policy. The certificate of insurance issued to Adbar's mortgage lender states that $450,000 is the "Amount of Coverage Per Building (Completed Value)." An endorsement to Section E, Paragraph 6 of the Builders Risk Coverage Form provides:

> The most we will pay for any loss to the existing building(s) or structure(s) will be:

---

[1]The HONORABLE CHARLES A. SHAW, United States District Judge for the Eastern District of Missouri.

-2-

1. The amount you actually spend to repair the damaged or destroyed property . . .;

2. Actual cash value . . . as of the time of loss;

3. The amount you paid for the existing building(s) . . . plus the replacement cost of the improvements made by you . . .;

4. The reported value for that location

*whichever is less.*

(Emphasis added.) Adbar argues that this provision appears in the "valuation" part of the policy and does not effectively qualify the $450,000 limit of liability that defined Adbar's insurable interest in the property. But no Missouri case has held that the builders risk coverage limitations must appear in any particular provision of the policy or be reflected in any particular policy language. On the undisputed facts presented to the district court, the above-quoted provision plainly limited Assurance's liability for this loss to the amount Adbar paid for the property, $40,000.

For these reasons and the reasons stated by the district court in its Memorandum and Order dated February 24, 2004, the judgment of the district court is affirmed.

_____